# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

WE CARE TRANSPORTATION, INC.

Debtor.

Chapter 11
Case No. 05-18048

---

WILSHIRE PARTNERS, LLC, as TRUSTEE of the
  WE CARE CREDITORS' TRUST
4945 Southwestern Blvd.
Hamburg, New York 14075

Plaintiff,

v.

JOHN J. O'NEILL
5076 Lake Shore Road
Hamburg, New York 14075

Defendant.

A.P. No.: 07-01116-CLB

---

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is made by and between John J. O'Neill (the "Defendant") and Wilshire Partners, LLC, as Trustee of the We Care Creditors' Trust (the "Trustee").

WHEREAS, on September 15, 2005, We Care Transportation, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code;

WHEREAS, on September 22, 2005, the United States Bankruptcy Court for the Western District of New York (the "Court") ordered the appointment of a Chapter 11 Trustee pursuant to 11 U.S.C. §1104;

WHEREAS, on February 28, 2007, the Court confirmed the First Amended Plan of Liquidation and the We Care Creditors' Trust was established;

WHEREAS, on or about September 7, 2007, the Trustee filed a Complaint in an this adversary proceeding in Bankruptcy Court to recover certain transfers made by the Debtor to the Defendant, which Complaint was subsequently amended on or about November 28, 2007 (the "Complaint");

WHEREAS, on or about October 5, 2007, Defendant filed an Answer to the Complaint and thereafter filed an Amended Answer on or about December 18, 2007 (the "Answer");

WHEREAS, the Trustee alleges in the Complaint that the Defendant received a fraudulent conveyance pursuant to §§544(b), 550(a) and 551 of the Bankruptcy Code, §§273, 274, 275 of the New York Debtor Creditor Law and an unenforceable stock redemption pursuant to §§513 and 514 of New York Business Corporation Law in the sum of $199,000 (the "Transfer");

WHEREAS, the Defendant asserted various defenses to the claims asserted in the Adversary Proceeding including, but not limited to, the allegation that the Debtor received fair considerations for the Transfer;

2

WHEREAS, the Trustee and the Defendant desire to amicably resolve the remaining disputes concerning the alleged Transfer and the other asserted defenses on the following terms in order to avoid the expense, inconvenience, and uncertainty of further litigation;

WHEREAS, the Defendant and the Trustee have reached an agreement, the terms of which are set forth herein, to settle the disputes between them and resolve the matters between them and both parties believe the terms to have been negotiated in good faith, are fair and reasonable, and do not fall below the lowest point in the range of reasonableness;

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Defendant and the Trustee agree as follows:

1. The Defendant shall pay the sum of $19,000 (the "Settlement Sum") made payable to *Jaeckle, Fleischmann & Mugel, LLP as attorneys* within twenty days of the date of this Settlement Agreement. Said Settlement Sum will be held in escrow pending Court approval of the Settlement Agreement.

2. The Trustee will timely make application to the Court for approval of this Settlement Agreement and will forward a copy of any Court order approving the Settlement Agreement to counsel for the Defendant.

3. The Settlement Sum shall be in full and complete satisfaction of any and all claims against the Defendant by the Trustee or the Debtor.

3

4. The Trustee and the Defendant hereby mutually release one another and their respective officers, directors, employees, representatives, owners, members, professionals and successors and assigns from any and all acts and omissions, claims, causes of action, counterclaims, demands, controversies, costs, debts, sums of money, damages, obligations, and liabilities of any nature or type, whether legal, equitable, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed or undisputed, except for the parties express obligations as set forth in this Settlement Agreement and specifically Defendant's obligation to pay the Settlement Sum as referenced above. This release encompasses all claims of the Debtor's estate and the Trustee against Defendant. Notwithstanding the release provided herein, Defendant does not waive any rights it may have to receive distributions on account of any previously properly filed and allowed proof(s) of claim. The releases provided herein shall not become effective until the Settlement Sum is received by the Trustee, said funds clear, and this Settlement Agreement is approved by the Bankruptcy Court.

5. Upon the Bankruptcy Court's approval of this Settlement Agreement, the Trustee will file a Notice of Dismissal, dismissing the Adversary Proceeding with prejudice.

6. Each of the parties hereto consent to the jurisdiction of the Bankruptcy Court to adjudicate any and all disputes arising under or relating to this Settlement Agreement.

7. The parties acknowledge that they have read all of the terms of this Settlement Agreement and enter into this Settlement Agreement voluntarily and without duress.

4

8.  This Agreement contains the entire agreement between the Trustee and the Defendant regarding the provisions set forth above and may only be modified in a writing signed by both parties.

9.  This Settlement Agreement shall be binding upon the parties, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees and stockholders.

10. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

IN WITNESS WHEREOF, this Settlement Agreement has been made as of the 30 day of July, 2010.

WILSHIRE PARTNERS, LLC, as TRUSTEE of the
WE CARE CREDITORS' TRUST

By _____
    Richard J. Laski

_____
John J. O'Neill

1016485v1

5